UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AMANS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>TESLA, INC.,<br><br>   Defendant. | Case No. 21-cv-03577-VC<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 63 |

  The motion to dismiss is denied with respect to the breach of contract claim for specific performance and damages but granted as to the breach of contract claim for restitution. The motion is additionally granted as to the claims under the Unfair Competition Law, Consumer Legal Remedies Act, California Business & Professions Code § 7160, and Truth in Lending Act.

  1. *Mootness*. Tesla argues Malek's claims are moot because it already installed his roof at the original contract price. Yet Malek plausibly alleges that he was charged an additional $10,500 (at least). The parties offer competing explanations for this charge. Tesla argues that the $10,500 was for a Powerwall not included in the original contract. Malek counters that Tesla charged for the Powerwall only after purporting to return to his original price. Given this dispute, there is the possibility of effective relief: a refund of $10,500. *See Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006). As such, Malek's claims are not moot.

  Tesla similarly argues that the claims by Amans are moot because it has offered to install his roof at the original price. Voluntary cessation of a defendant's challenged conduct does not moot a case unless it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,

528 U.S. 167, 190 (2000). Tesla cannot bear that "heavy burden" here. *Id.* at 189. In particular, Tesla stands by its purported contractual right to increase the price of the roof, and Malek has plausibly alleged he was overcharged despite Tesla's promises.

      2. *Jurisdiction to Grant Equitable Relief.* To remedy the alleged breach of contract, the plaintiffs seek specific performance and/or restitution and actual damages.[1] Tesla argues that the court lacks jurisdiction to grant equitable relief (the specific performance and restitution).

      In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit held that a plaintiff "must establish that she lacks an adequate remedy at law before securing" equitable relief. 971 F.3d 834, 844 (9th Cir. 2020). "Courts in the Ninth Circuit are divided on how exacting of a standard *Sonner* imposes on plaintiffs who plead claims for equitable and legal remedies at the pleading stage." *Jeong v. Nexo Financial LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022). At a minimum, *Sonner* requires plaintiffs to plead that they lack an adequate remedy at law, but some courts have held plaintiffs must offer "specific facts" showing as much. *Compare Johnson v. Trumpet Behavior Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022), *with Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021). This Court has previously required that plaintiffs offer some explanation as to why their legal remedies are inadequate. *See Cepelak v. HP Inc.*, No. 20-CV-02450-VC, 2021 WL 5298022, at *3 (N.D. Cal. Nov. 15, 2021).

      Amans has adequately explained that "no comparable products to the Solar Roof currently exist," and so damages would not remedy his injury. While he also sought damages under the CLRA and CPB § 7160, that does not suggest a legal remedy would be adequate. Those damages are intended to remedy distinct injuries, and nothing in *Sonner* prevents plaintiffs from bringing "claims in the alternative under different legal theories." *See Cepelak*, 2021 WL 5298022, at *2.

---

[1] Because the remaining claims in the complaint are dismissed, the Court does not address its jurisdiction to grant equitable relief for any other claims.

Malek, in contrast, has not explained why restitution, and not damages, are required to remedy his injury. His claim for restitution is therefore dismissed. Because he may be able to articulate an alternative legal theory justifying restitution, his claim is dismissed with leave to amend.

3. *Breach of Contract.* Tesla argues there is no breach of contract because the contract authorizes its price increase. First, Tesla suggests the contract authorizes a price increase any time the "final cost" is "greater than anticipated." Read in context, however, the contract seems to authorize a much more limited increase. The full provision reads:

> Standard installation includes the cost of minor repairs commonly needed to install Solar Roof. These repairs may include simple electric upgrades and roof preparation. Tesla will determine *the final cost of these repairs* prior to installation. If *the final cost* or scope of work needed for your installation are greater than anticipated, Tesla will provide you with an amendment pursuant to this Solar Roof Purchase & Home Improvement Agreement. (emphasis added).

The term "final cost" appears to refer to the final cost of repairs—not the final cost of the roofing agreement—and so it does not appear to authorize the across-the-board increase in this case.

Tesla next points to the provision stating: "If Tesla encounters unforeseen conditions at the installation location or causes a change to the solar portion of your Solar Roof, you will receive an updated Price Sheet to accept or reject." This seems to authorize a limited price increase based on "unforeseen conditions" or changes to the "solar portion" of the roof. Tesla has not justified the price increases here on those terms.

At a minimum, these two provisions are ambiguous, and so the breach of contract claim should not be dismissed. *See Hayter Trucking, Inc. v. Shell W. E & P, Inc.*, 18 Cal. App. 4th 1, 18 (1993).

4. *Fraud Claims.* The plaintiffs' claims under the CLRA, CPB § 7160, and the "fraudulent" prong of the UCL rely on the same theory: that Tesla offered consumers an artificially low price with plans to increase it later. The plaintiffs also suggest Tesla intentionally misrepresented the time it would take to install the roofs. These fraud claims are subject to the

3

heightened pleading requirements of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (UCL and CLRA); *Sowa v. Abberley*, 2012 WL 12887754, at *3 (C.D. Cal. Nov. 20, 2012) (CBP § 7160). Although Rule 9(b) allows the plaintiffs to plead Tesla's intent generally, the complaint still does not provide a sufficient factual basis for the court to infer that Tesla intended to raise its prices or mislead consumers on the timing of installation at the time of the original agreements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The claims are therefore dismissed.

The plaintiffs' claim under the "unfair" prong of the UCL relied on this same theory of fraud, and so it is dismissed as well. *See In re Intel Corp. CPU Marketing, Sales Practices & Products Liability Litigation*, No. 3:18-MD-2828-SI, 2020 WL 1495304, at *23 (D. Or. Mar. 27, 2020). The plaintiffs' claim under the "unlawful" prong of the UCL depended on violations of the CLRA and CPB, and so it is also dismissed.

As discussed at the hearing, the UCL, CLRA, and CPB § 7160 claims are dismissed without prejudice to seeking leave to filing an amended complaint if discovery on the surviving claims gives the plaintiffs a good-faith basis for including more specific allegations regarding fraud.

5. *TILA Claim.* Tesla argues that Malek does not have standing for his TILA claim because he failed to allege a concrete injury beyond the statutory violation. *See, e.g., TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). Malek did not address Tesla's arguments in his opposition, and so the TILA is dismissed with prejudice. *Homsy v. Bank of America*, *N.A.*, No. C 13-01608 LB, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013).

**IT IS SO ORDERED.**

Dated: July 26, 2022

VINCE CHHABRIA
United States District Judge

4