UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW AMANS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TESLA, INC.,<br><br>        Defendant. | Case No. 21-cv-03577-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 98 |

As more fully discussed at the hearing, the motion for preliminary approval of class action settlement is denied. The current motion does not adequately explain the relative strengths and weaknesses of the plaintiffs' claims. Nor does it adequately explain how the parties calculated the amount of money to set aside for each category of nonautomatic settlement relief. For these reasons, the motion is denied without prejudice.[1] *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036–37 (N.D. Cal. 2016); *see also Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, 2016 WL 3390477 (N.D. Cal. May 20, 2016). If the plaintiffs wish to submit a renewed motion for preliminary approval, they must do so within 21 days of this ruling.

    **IT IS SO ORDERED.**

Dated: August 17, 2023

                                                                                           VINCE CHHABRIA
                                                                                           United States District Judge

---

[1] There were also some inconsistencies between the parties' filings. For instance, the parties' proposed order proposes that the claims and objection/exclusion deadlines be set 59 days after preliminary approval is entered. *See* Dkt. No. 102-3 at 5, 8. But the settlement agreement sets these deadlines at 73 days after entry of preliminary approval (45 days after the notice date, which is 28 days after entry of preliminary approval). *See* Dkt. No. 98-2 at 7–8, 10.