EVE-LYNN J. RAPP (SBN 342892)
erapp@edelson.com
**EDELSON PC**
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0084
Fax: 720.741.0081

PETER A. MUHIC (*pro hac vice*)
pm@millerlawpc.com
**THE MILLER LAW FIRM, PC**
950 W. University Dr., Suite 300
Rochester, MI 48307
Tel: 248.841.2200
Fax: 248.652.2852

SARVENAZ J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: 650.697.6000
Fax: 650.697.0577

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW AMANS, and BABAK MALEK, individually and on behalf of all similarly situated individuals,<br><br>    *Plaintiffs,*<br><br> *v.*<br><br>TESLA, INC., a Delaware corporation,<br><br>    *Defendant.* | Case No. 3:21-cv-03577-VC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Vince Chhabria |

1    The above-captioned matter came before this Court upon Plaintiffs' Renewed Motion and

2  Memorandum in Support of Preliminary Approval of Class Action Settlement. Based upon the

3  memoranda, declarations, and exhibits submitted, as well as the files and proceedings in this case,

4  the Court finds as follows:

5    1.    The terms and phrases in this order shall have the same meaning as ascribed to

6  them in the Class Action Settlement Agreement (Dkts. 98-1, Ex. 1, 101, & 109-2, Ex. 1.)

7    2.    Plaintiffs have moved the Court for an order preliminarily approving the settlement

8  of the Action in accordance with the Settlement Agreement, which, together with its incorporated

9  documents, set forth the terms and conditions for a proposed settlement and dismissal of this case

10  with prejudice. The Court "review[s] class action settlements just as carefully at the initial stage as

11  [it] do[es] at the final stage." *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1037 (N.D. Cal. 2016).

12  The Court, having read and considered the Settlement Agreement and having heard the Parties,

13  finds that it appears to be fair, adequate, and reasonable to the Settlement Class. The Court also

14  finds that the Settlement Release set forth in the Settlement, if finally approved, will release claims

15  based only on the identical factual predicate alleged in the Amended Consolidated Class Action

16  Complaint. (Dkt. 54.) Accordingly, the Court preliminarily approves the terms of the Settlement

17  Agreement subject to the Final Approval Hearing referred to in this order, certifies the Settlement

18  Class defined below for settlement purposes, finds that the Settlement Class defined below is

19  likely to be certified for purposes of entering Final Judgment, appoints Class Counsel and the

20  Class Representatives, and approves the Notice plan.

21    3.    The Court grants preliminary approval of the Settlement based upon the terms set

22  forth in the Settlement Agreement.

23  **Certification of the Settlement Class**

24    4.    For purposes of the settlement only, the Court certifies the following Settlement

25  Class pursuant to Rule 23(b)(3) as defined in the Settlement Agreement:

26        all persons with whom Tesla entered into a contract for the purchase and/or
         installation of a Solar Roof with or without a Powerwall energy storage
27        system in the United States and whom Tesla notified, in or around April

28

1   2021, would be required to pay an increased price as a condition for

2   performance of the contract.[1]

3   5.   The Court finds, subject to the Final Approval Hearing referred to below, that the

4   Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of

5   settlement only, that the Settlement Class likely satisfies the requirements of Rule 23 of the

6   Federal Rules of Civil Procedure for purposes of entering Final Judgment, specifically, that: the

7   Settlement Class of approximately 8,636 individuals is so numerous that joinder of all members is

8   impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether

9   Tesla's April 2021 price increase was a breach of its standardized contracts with all Class

10   Members); Plaintiffs Matthew Amans' and Babak Malek's claims are typical of the claims of the

11   Settlement Class; Plaintiffs and Class Counsel will fairly and adequately protect the interests of

12   the members of the Settlement Class; common questions of law or fact predominate over

13   questions affecting individual members; and a class action is a superior method for fairly and

14   efficiently adjudicating the Action.

15   **Preliminary Approval of the Settlement**

16   6.   For purposes of settlement only: (1) the Court confirms the interim appointments

17   Eve-Lynn Rapp of Edelson PC as lead Class Counsel, and Peter Muhic of The Miller Law Firm,

18   P.C. and Sarvenaz J. Fahimi of Cotchett, Pitre, & McCarthy, LLP as Plaintiffs' Steering

19   Committee, and Plaintiffs Matthew Amans and Babak Malek as Class Representatives. The Court

20   finds that these attorneys are competent and capable of exercising the responsibilities of Class

21   Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined

22   above.

23

24

25

26   [1]   Excluded from the Settlement Class are (a) any Judge or Magistrate presiding over this
action and members of their families; (b) Defendant, Defendant's subsidiaries, parents,
27   successors, predecessors, and any entity in which Defendant or its parents have a controlling
interest and its current or former employees, officers and directors; (c) persons who properly
28   execute and file a timely request for exclusion from the Settlement Class; and (d) the legal
representatives, successors, and assigns of any such excluded persons.

7.      The Court finds that, subject to the Final Approval Hearing, the Settlement

Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil

Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court

further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the

class action and provides substantial relief to the Settlement Class without the risks, burdens,

costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that

the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class

action attorneys familiar with the legal and factual issues of this case; (b) is sufficient to warrant

notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement

Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure

23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or

admission of liability by the Defendant or any other parties.

**Notice and Administration**

8.      This Court approves, as to form and content, the Notice of proposed class action

settlement in substantially the form attached to the Settlement Agreement as Exhibits B, C, and D.

The Notice includes the mailing of the Settlement Class Notice by email and by First-Class U.S.

Mail to the Settlement Class Members, a reminder email notice, and a Settlement Website.

9.      The Court further finds that the Notice is the best notice practicable under the

circumstances, and that the Notice complies fully with the requirements of the Federal Rules of

Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to

all persons entitled thereto, and meets the requirements of Due Process. The Court further finds

that the Notice is reasonably calculated, under all circumstances, to apprise members of the

Settlement Class of the pendency of this case, the terms of the Settlement Agreement, the right to

object to the Settlement, and the right to exclude themselves from the Settlement Class. The

Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are

appropriate to update the Notice documents for purposes of accuracy or formatting.

10.     The Court approves the request for the appointment of Angeion Group, LLC as

Settlement Administrator under the Settlement Agreement.

11.     Pursuant to the terms of the Settlement Agreement, the Settlement Administrator is directed to provide Notice in accordance with the plan called for by the Settlement Agreement and as ordered by the Court. The Court directs the issuance of the Notice to the Settlement Class in accordance with the schedule set forth in the Settlement Agreement and below:

| Deadline | Event |
|---|---|
| Not later than ten (10) days after the Agreement is filed with the Court | Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class Members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement |
| No later than thirty (30) days after execution of Settlement Agreement | Deadline for Tesla to provide Settlement Class Member contact information to the Settlement Administrator |
| No later than fourteen (14) days after entry of Preliminary Approval | Deadline for Settlement Administrator to provide Notice on the Settlement Website |
| No later than twenty-eight (28) days after entry of Preliminary Approval | Deadline for Settlement Administrator to mail Notice (the "Notice Date") |
| No later than forty-five (45) days following the Notice Date | Deadline to have postmarked and/or filed a written objection to this Settlement Agreement or a request for exclusion (the "Objection/Exclusion Deadline") |
| No later than forty-five (45) days following the Notice Date | Deadline for Claim Forms to be postmarked or submitted to the Settlement Administrator online (the "Claims Deadline") |

**Objections**

12.     Any Settlement Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing this case with prejudice in accordance with the terms of the Settlement Agreement, or to the Fee Award sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of **January 2, 2024**.

13.     To be valid, the written objection must substantially comply with the objection procedures set forth in the Settlement Agreement and Notice, must be presented in writing and personally signed by the objector and must include: (a) the Settlement Class Member's full name, current address, and address associated with the Solar Roof, if different; (b) a statement that he or she believes himself or herself to be a member of the Settlement Class; (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) the specific grounds for the objection; (e) all documents or writings that the Settlement Class Member desires the Court to consider; (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission in accordance with the Local Rules).

14.     All written objections must be filed with the Court and filed, postmarked, or delivered to the Court no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. The requirement to submit written notice of a Class Member's intent to appear at the Final Approval Hearing may be excused by the Court upon a showing of good cause, and the Court will require only substantial compliance with the above-referenced requirements.

**<u>Exclusion</u>**

15.     Any person who meets the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must submit their request for exclusion in writing to the Settlement Administrator (by email to: info@SolarRoofSettlement.com; or by mail to:

1  Amans v. Tesla Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA

2  19103), on or before the Objection/Exclusion.

3      16.    To be valid, any request for exclusion must (a) be in writing; (b) identify the case

4  name (*Amans et al. v. Tesla, Inc.*, No. 3:21-cv-03577-VC (N.D. Cal.)); (c) state the full name,

5  current address, and address associated with the Solar Roof, if different of the person in the

6  Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be

7  postmarked or received by the Settlement Administrator on or before the Objection/Exclusion

8  Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby

9  request to be excluded from the proposed Settlement Class in *Amans et al. v. Tesla, Inc.*, No. 3:21-

10  cv-03577-VC (N.D. Cal.)." A request for exclusion that does not include all of the foregoing

11  information, that is sent to an address or e-mail address other than that designated in the Notice, or

12  that is not postmarked or delivered to the Settlement Administrator within the time specified, shall

13  be invalid and the persons serving such a request shall be deemed to remain Settlement Class

14  Members and shall be bound as Settlement Class Members by this Settlement Agreement, if

15  approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be

16  bound by any orders or Final Judgment entered in the Action; (b) receive any payment under this

17  Settlement Agreement; (c) gain any rights by virtue of this Settlement Agreement, or (d) be

18  entitled to object to any aspect of this Settlement Agreement or Final Judgment. No person may

19  request to be excluded from the Settlement Class through "mass" or "class" opt-outs meaning,

20  *inter alia*, that each individual who seeks to opt out must send an individual, separate request to

21  the Settlement Administrator that complies with all requirements of this paragraph.

22  **Claims Deadline**

23      17.    The Court approves the Claim Form attached to the Settlement Agreement as

24  Exhibit A and all Claim Forms must be postmarked or submitted on the Settlement Website by

25  **January 2, 2024** (the "Claims Deadline") to be considered timely.

26

27

28

**Final Approval Hearing**

18.     The Final Approval Hearing shall be held before this Court on **March 7, 2024**, at 1:00 pm PST via Zoom to determine (a) whether the proposed settlement of the case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a Final Judgment should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives. Details about how to access the Zoom proceedings can be found on the Court's webpage at https://www.cand.uscourts.gov/judges/chhabria-vince-vc/. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19.     Class Counsel shall file papers in support of their request for a Fee Award and the Class Representatives' service awards (collectively, the "Fee Petition") with the Court on or before **December 19, 2023** (*i.e.*, 14 days before the Objection/Exclusion Deadline). The Fee Petition shall be filed with the Court and promptly posted to the Settlement Website. Members of the Settlement Class may object on their own or may do so through separate counsel at their own expense by the Objection/Exclusion Deadline. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before the Objection/Exclusion Deadline. Class Counsel may file a reply in support of their Fee Petition by **January 23, 2024** (*i.e.*, 21 days after the Objection/Exclusion Deadline).

20.     Plaintiffs shall file their papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before **January 30, 2024** (*i.e.*, 28 days after the Objection/Exclusion Deadline).

**IT IS SO ORDERED**.

Dated October 20, 2023

_____
Hon. Vince Chhabria
United States District Judge