EVE-LYNN J. RAPP (SBN 342892)
erapp@edelson.com
**EDELSON PC**
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0084
Fax: 720.741.0081

PETER A. MUHIC (*pro hac vice*)
pm@millerlawpc.com
**THE MILLER LAW FIRM, PC**
950 W. University Dr., Suite 300
Rochester, MI 48307
Tel: 248.841.2200
Fax: 248.652.2852

SARVENAZ J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: 650.697.6000
Fax: 650.697.0577

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MATTHEW AMANS, and BABAK MALEK, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiffs,*<br>v.<br><br>TESLA, INC., a Delaware corporation,<br><br>*Defendant.* | Lead Case No. 3:21-cv-03577-VC<br><br>Consolidated with:<br>Case No. 21-cv-03681-VC<br>Case No. 21-cv-05528-VC<br><br>**SUPPLEMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Hearing Date:** March 7, 2024<br>**Time:** 2:00 p.m.<br>**Courtroom:** 4 (via Zoom Webinar)<br>**Judge:** Hon. Vince Chhabria |

Plaintiffs Matthew Amans and Babak Malek ("Plaintiffs"), for themselves individually, and on behalf of the Settlement Class, hereby submit this Supplement in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 119) (the "Supplement") to provide the Court with additional information related to the administration of the Class Action Settlement ("Settlement Agreement" or "Agreement") in advance of the March 7, 2024 Final Approval Hearing. In support, Plaintiffs state as follows:

1. On January 30, 2024, Plaintiffs filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). (Dkt. 119.)

2. In that brief, Class Counsel informed the Court that the Settlement, if ultimately approved, would establish a non-reversionary Settlement Fund in the amount of $6,080,000, out of which Settlement Class Members would be able to claim relief from: (i) an Out-of-Pocket Loss Fund in the amount of $1,406,400 for Settlement Class Members who suffered out-of-pocket losses in preparation for a Solar Roof installation that was ultimately delayed or canceled; (ii) a New Contract Roof Installation Fund in the amount of $2,220,000 for Settlement Class Members who did not previously decide to proceed with a Solar Roof installation at their originally agreed-to price despite having the opportunity to do so, but who now elect to proceed with an installation even though prices have subsequently increased in the intervening two years; and (iii) an Automatic Payment Fund in the amount of $863,600, from which any Settlement Class Member who hasn't submitted an Approved Claim will receive an Automatic Payment of at least $100. (*See* Dkt. 109-1, Ex. 1, Settlement ¶¶ 1.4, 1.22, 1.32; *see also* Settlement Addendum, Dkt. 101.)

3. Class Counsel now provides the Court with updated information about the (i) number of Out-of-Pocket Loss Payment claims approved as valid and the current monetary value of such claims and (ii) number of Increased Installation Cost Payment claims approved as valid and the estimated monetary value of such claims. Class Counsel further updates the Court about the anticipated notice and administrative costs.

**Out-of-Pocket Loss Payment Claims**

4. First, in total, 322 Out-of-Pocket Loss Payment claims were filed, which can be separated into two categories: (i) facially valid Out-of-Pocket Loss Payment claims and (ii)

Increased Installation Cost Payment claims, that should have been filed as Out-of-Pocket Loss Payment claims. (*See* Ex. 1, Declaration of Kimberly O'Kane of Angeion Group re: Final Approval Briefing ("O'Kane Decl.") ¶¶ 5-6.) 158 individuals filed facially valid Out-of-Pocket Loss Payment claims and 164 individuals wrongly filed Increased Installation Cost Payment claims seeking to recover out-of-pocket losses. (*Id.*)

5.  As explained in the Final Approval Motion, in an effort to approve all valid claims where possible, Angeion also identified 15 Out-of-Pocket Loss claims where the Settlement Class Member's original contract price was the only missing information necessary to finalize review of their respective claims. Angeion requested and received the original contract price information from Tesla. (*Id.* ¶ 6.)

6.  After converting the wrongly filed Increased Installation Cost Payment claims and considering the additional contract information provided by Tesla, an updated total of 83 Out-of-Pocket Loss claims were approved in full or part. These 83 Approved Claims resulted in Out-of-Pocket Loss Payments totaling $1,157,808.16. (*Id.* ¶ 8.)

7.  Because the total value of approved claims does not exceed the $1,406,400 allocated to the Out-of-Pocket Loss Fund, at present, $248,591.84 remains to be redistributed into the New Contract Roof Installation Fund.

**Increased Installation Cost Payment Claims**

8.  Second, as contemplated by the terms of the Settlement, review of the Increased Installation Cost Payment claims is not complete and will remain ongoing. This is because completion of the claims process is dependent on the *actual* installation of new roofs by Tesla and the receipt of proof of payment for the new roofs by the Settlement Class Members who elected to file claims for this relief. (*See* Settlement Agreement ¶ 2.3.) Notwithstanding, Class Counsel can provide the following updates.

9.  190 individuals filed facially valid Increased Installation Cost Payment claims, 26 of which satisfied the objective criteria for relief under the Settlement, and therefore, were ultimately approved. (O'Kane Decl. ¶¶ 5, 9.) As noted above, the total amount of relief that will ultimately be provided from the New Contract Roof Installation Fund is dependent on Tesla installing and Class

Members paying Tesla for the installation of their new roofs. (*See* Settlement Agreement ¶ 2.3.) This process involves Class Members obtaining new bids from Tesla and informing the Settlement Administrator about the pricing for their new contracts. (*See id.* (requiring Settlement Class Members that filed Increased Installation Cost Payment claims to thereafter, "visit the Tesla website to place an order for a [new] Solar Roof with an updated price quote," which would trigger Tesla's obligation to "work with the customer in good faith to finalize a new contract within thirty (30) days of order placement," which Class Members would then have to accept by notifying "Tesla and the Settlement Administrator of their intention to move forward with the updated Solar Roof Contract within fourteen (14) days.").) To date, only six (6) of the 26 Class Members have indicated their intention to proceed with the new roofs and have provided Tesla and/or the Settlement Administrator with the necessary information. (O'Kane Decl. ¶ 10.)

10. In order to be certain as to the intention of the remaining 20 Class Members in regard to proceeding with a new roof installation and to appraise all Increased Installation Cost Class Member claimants of the relevant deadlines, the Settlement Administrator sent a reminder email notification to all Increased Installation Cost Class Member claimants on March 4, 2024. (*Id.*) The email notification indicated that these Class Members will have until March 18, 2024 to place an order with Tesla and until May 1, 2024 to inform the Settlement Administrator of their intention to move forward. (*Id.*)

11. Nevertheless, as of the date of this filing, Class Counsel can confidently report that Settlement Class Members with Increased Installation Cost Payment claims will recover far more than the 25% of their increased contract price costs than Class Counsel anticipated in their preliminary approval filing. (*See* Dkt. 109 at 29.) In fact, Class Counsel anticipates that it will be much closer to 75%, for the reasons set for in the Final Approval Motion. (Dkt. 119 at 16.) If the additional $248,591.84 from the Out-of-Pocket Loss Fund is redistributed, that number increases to approximately 83%. (*See id.*)

**Notice and Administrative Costs**

12. At the time of preliminary approval, Angeion estimated that its services in this matter would cost $68,000. (*See id.* at 4.) That amount increased to $73,965 after the Court's

1  instruction to supplement email notice with direct postcard notice to the Settlement Class. (*Id.*)
2  Angeion now estimates that the total of its services will be $103,292.79. (O'Kane Decl. ¶ 11.) This
3  increased estimate is the result of the significant amount of expenses that were not originally
4  contemplated in Angeion's original estimate, including but not limited to increased reporting, claim
5  review requirements, relaying deficient claim information to class members, and effectuating a
6  second round of CAFA notice at Defendant's request. (*Id.*)

                                                                     Respectfully submitted,

                                                                      **MATTHEW AMANS** and **BABAK MALEK**,
individually and on behalf of all similarly
situated individuals,

Dated: March 4, 2024

/s/ Eve-Lynn J. Rapp
EVE-LYNN J. RAPP (SBN 342892)
erapp@edelson.com
**EDELSON PC**
2101 Pearl Street
Boulder, Colorado 80302
Tel: 720.741.0084
Fax: 720.741.0081

RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
YAMAN SALAHI (SBN 288752)
ysalahi@edelson.com
**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435

SARVENAZ J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Tel: 650.697.6000
Fax: 650.697.0577

PETER A. MUHIC (*pro hac vice*)
pm@millerlawpc.com

**THE MILLER LAW FIRM, PC**
950 W. University Dr., Suite 300
Rochester, MI 48307
Tel: 248.841.2200
Fax: 248.652.2852

*Counsel for Plaintiffs*