1  EVE-LYNN J. RAPP (SBN 342892)
   erapp@edelson.com
2  **EDELSON PC**
   2101 Pearl Street
3  Boulder, Colorado 80302
   Tel: 720.741.0084
4  Fax: 720.741.0081

   SARVENAZ J. FAHIMI (SBN 226148)
   sfahimi@cpmlegal.com
   **COTCHETT, PITRE & MCCARTHY, LLP**
   San Francisco Airport Office Center
   840 Malcolm Road
   Burlingame, CA 94010
   Telephone: 650.697.6000
   Fax: 650.697.0577

5

6  PETER A. MUHIC (*pro hac vice*)
   pm@millerlawpc.com
7  **THE MILLER LAW FIRM, PC**
   950 W. University Dr., Suite 300
8  Rochester, MI 48307
   Tel: 248.841.2200
9  Fax: 248.652.2852

10 *Counsel for Plaintiffs*

11

12                     **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
13                       **SAN FRANCISCO DIVISION**

14 MATTHEW AMANS, and BABAK
   MALEK, individually and on behalf of all
15 similarly situated individuals,

16                    *Plaintiffs,*

17           *v.*

18

19 TESLA, INC., a Delaware corporation,

20                    *Defendant.*

21

22

Case No. 3:21-cv-03577-VC

Consolidated with:
Case No. 21-cv-03681-VC
Case No. 21-cv-05528-VC

~~[PROPOSED]~~ ORDER GRANTING
PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND
MOTION FOR ATTORNEYS' FEES,
COSTS, AND SERVICE AWARDS

Hon. Vince Chhabria

23

24

25

26

27

28

1     The above-captioned matter came before this Court upon Plaintiffs' Motion for Final

2   Approval of Class Action Settlement (Dkt. 119) and Motion for Attorneys' Fees, Costs and

3   Service Awards. (Dkt. 115.) Based upon the memoranda, declarations, exhibits submitted, as well

4   as the files and proceedings in this case, the Court finds as follows:

5     1.     The terms and phrases in this Order shall have the same meaning as ascribed to

6   them in the Class Action Settlement Agreement. (Dkt. 109-1, Ex. 1.)

7     2.     Plaintiffs have moved the Court for an order granting final approval of the

8   settlement of the Action in accordance with the Settlement Agreement, which, together with its

9   incorporated documents, sets forth the terms and conditions for a proposed settlement and

10   dismissal of this case with prejudice. The Court having read and considered the Settlement

11   Agreement and having heard the Parties and all objections, finds that it appears to be fair,

12   adequate, and reasonable to the Settlement Class. Accordingly, the Court grants final approval of

13   the terms of the Settlement Agreement and confirms its certification of the Settlement Class

14   defined below for settlement purposes, as well as its appointment of Class Counsel and the Class

15   Representatives.

16     3.     This Court has subject-matter jurisdiction over the Action to approve the

17   Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to

18   the Action, including all Settlement Class Members.

19   **Certification of the Settlement Class**

20     4.     On October 20, 2023, this Court preliminarily approved the Settlement Agreement,

21   and certified, for settlement purposes, the Settlement Class consisting of:

22     all persons with whom Tesla entered into a contract for the purchase and/or
       installation of a Solar Roof with or without a Powerwall energy storage system in
23     the United States and whom Tesla notified, in or around April 2021, would be
24     required to pay an increased price as a condition for performance of the contract.[1]

25

26   ---

     [1]     Excluded from the Settlement Class are (a) any Judge or Magistrate presiding over this
27   action and members of their families; (b) Defendant, Defendant's subsidiaries, parents,
     successors, predecessors, and any entity in which Defendant or its parents have a controlling
28   interest and its current or former employees, officers and directors; (c) persons who properly

                                                          (continued...)

(Dkt. 114.) The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement. The Court now confirms certification of the Settlement Class for purposes of entering final judgment.

5. The Court further holds that this Settlement is a fair, reasonable, and adequate settlement in view of the risk involved, the recovery amount, and the amount of preparation that has gone into it; that the Settlement has all the indicia of a fair settlement; that there are no indicia of manipulation; that the Settlement contains no obvious deficiencies; that there are no obvious conflicts of interest; that the Settlement contains no preferential treatment; and that Class Counsel demonstrated their competence, ability, and qualifications to handle the Action.

6. Having convened the Final Approval Hearing, provided Class Members with an opportunity to object, and having received three objections all of which have been withdrawn or overruled for the reasons discussed herein, the Court finds that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.

7. In particular, the proposed $6.08 million Settlement Fund, is fair, reasonable, and adequate. Critically, Class Counsel had engaged in sufficient discovery and motion practice in this matter, and the Court also finds that the Settlement Agreement is the result of arm's-length negotiations with the assistance of a respected mediator between experienced class action attorneys familiar with the legal and factual issues of this case. The Court additionally finds that adequate notice of the Settlement and Final Approval Hearing was provided to the Settlement Class; there are no obvious deficiencies; the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; gives no party preferential treatment, even with the proposed service awards to

---

execute and file a timely request for exclusion from the Settlement Class; and (d) the legal representatives, successors, and assigns of any such excluded persons.

1   Mr. Amans and Mr. Babak; and is not a finding or admission of liability by the Defendant or

2   other parties. Moreover, as discussed below, Class Counsel has requested only 24.7% of the

3   Settlement Fund in attorneys' fees, which the Court finds to be reasonable.

4   **Notice to the Class Satisfied Rule 23 and Due Process**

5         8.      The Parties and the Settlement Administrator have apprised the Court about the

6   outcome of the Court-ordered notice plan.

7         9.      After preliminary approval, Tesla provided the Court-appointed Settlement

8   Administrator, Angeion, with a file containing Class Member contact information for 8,637

9   potential class members. (*See* Declaration of Kimberly O'Kane of Angeion ("O'Kane Decl."),

10  Dkt. 119-5 ¶ 6.) After removing duplications, the list contained mailing and/or email addresses for

11  8,622 Settlement Class Members. (*Id.* ¶¶ 7-9.) Angeion thereafter compared the mailing address

12  data against the United States Postal Service ("USPS") National Change of Address Database

13  ("NCOA"). (*Id.* ¶ 10.) Of these, mailing addresses were available for 8,622 individuals and email

14  addresses were available for 8,542. (*Id.* ¶¶ 8-9.) Angeion effectuated email and postcard notice on

15  November 17, 2023. (*Id.* ¶¶ 7, 9.) Of the 8,542 Class Members for whom there was a valid email

16  address, 302 of those emails were undeliverable. (*Id.* ¶ 8.) However, there was a valid mailing

17  address associated with each of those 302 Class Members. (*Id.* ¶ 8.) Of the 8,622 postcards, 19 of

18  the postcard notices were returned, and Angeion was able to get updated addresses for 10 of those

19  Class Members to whom notice was then successfully delivered. (*Id.* ¶ 11.) The 9 Class Members

20  whose postcards were returned and for whom there was no valid forwarding address, were

21  successfully sent the email notice. (*Id.*)

22        10.     Accordingly, direct notice was provided to 100% of Settlement Class Members,

23  (*id.*), which is adequate for purposes of Rule 23 and due process. *See Silber v. Mabon*, 18 F.3d

24  1449, 1454 (9th Cir. 1994) (rejecting argument that "notice must actually be received to provide

25  an opportunity to opt out for purposes of due process," and holding that "the appropriate standard

26  is the best notice practicable") (internal quotation omitted); *Edwards v. Andrews*, 846 Fed. App'x

27  538, 539 (9th Cir. 2021) (holding that direct notice to "at least 75 percent of the class" satisfied

28  due process); *Naiman v. Total Merchant Servs., Inc.*, No. 17-cv-3806, 2019 WL 13194603, at *8

1  (N.D. Cal. Apr. 16, 2019) (holding that notice to "only eighty-three percent of the Settlement

2  Class members" satisfied due process); *Mendez v. C-Two Grp., Inc.*, No. 13-cv-5914-HSG, 2017

3  WL 2861118, at *4 (N.D. Cal. July 5, 2017) (granting final approval where direct notice provided

4  to 88% of class members).

5          11.    In addition to direct notice via mail and email, Angeion established a Settlement

6  Website (www.SolarRoofSettlement.com) with a summary of the Settlement; important dates and

7  deadlines, such as the Objection and Exclusion Deadlines and the Final Approval Hearing date;

8  answers to frequently asked questions; and the Long Form Notice of Class Action Settlement.

9  (O'Kane Decl. ¶ 14.) The Settlement Website also contains relevant case documents, including

10  the Consolidated Class Action Complaint; Class Action Settlement Agreement; Class Action

11  Settlement Agreement Addendum; Plaintiffs' Renewed Motion for and Memorandum in Support

12  of Preliminary Approval; Order Granting Plaintiffs' Renewed Motion for Preliminary Approval

13  of Class Action Settlement; and Plaintiffs' Motion for Attorneys' Fees, Costs and Service

14  Awards. (*Id.*) Angeion also published Class Counsel's final approval motion on the Settlement

15  Website promptly after it was filed.

16          12.    Based on the record before the Court, the Court finds that the Notice program, as

17  implemented, was the best practicable notice under the circumstances. The Notice was

18  successfully sent to 100% of the Settlement Class and was reasonably calculated to apprise the

19  Settlement Class of the pendency of the Action and their rights to object to or exclude themselves

20  from the Settlement Agreement and to appear at the Final Approval Hearing. Therefore, the

21  Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled

22  to receive notice including all necessary information to protect the interests of the Settlement

23  Class and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process

24  Clause of the United States Constitution, and the rules of this Court.

25          13.    The Court finds that the appropriate government officials were properly and timely

26  notified of the Settlement Agreement, pursuant to CAFA, 28 U.S.C. § 1715. As required by

27  CAFA, more than ninety (90) days have elapsed between the date since notice was provided and

28  the Final Approval Hearing.

**Final Approval of the Settlement**

14.     Rule 23(e)(2) requires the Court to find that the settlement is "fair, reasonable, and adequate" after considering whether: (A) the class representative and class counsel have adequately represented the class; (B) the settlement was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). Further, because of the pre-certification posture of this settlement, the Court must consider the factors identified by the Ninth Circuit in *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011). The Court applies these factors below.

15.     Adequacy: The Court finds that Class Counsel and Plaintiffs have adequately represented the Settlement Class. The Court is satisfied that Class Counsel obtained adequate information about the scope of Defendant's conduct, including how many people were affected, how many people ultimately canceled their contracts or got their Solar Roof installed, and the typical amount of losses suffered. That was a sufficient basis to be able to undertake settlement discussions in an informed manner in light of Class Counsel's experience in this area of law.

16.     Arm's-Length Negotiations: The Settlement was negotiated at arm's-length, with both Parties represented by experienced counsel, and with the assistance of a neutral third-party mediator, JAMS mediator Robert A. Meyer. Although the initial mediation was unsuccessful, the Parties thereafter resumed negotiations over the course of several months to reach an agreement with Mr. Meyer's assistance. Additionally, the length of negotiations—which spanned over the course of 18 months and broke down on several occasions—demonstrates that the Settlement is a product of serious, informed, non-collusive negotiations. The Court is satisfied that the negotiations were conducted at arm's-length.

17.     No Indicia of Collusion: The Court is also satisfied that none of the subtle signs of implicit collusion that the *Bluetooth* factors are designed to detect are present here. Class Counsel did not negotiate to receive a disproportionate share of the Settlement. The Settlement states Class Counsel can request up to 25% of the fund, which is the benchmark in the Ninth Circuit. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002). There was no clear-sailing

arrangement, as Defendant retained the right to object to any of Class Counsel's fee request. And there is no reverter or kicker clause in the Settlement. Specifically, Class Members can either receive relief under the Settlement automatically from the Automatic Settlement Payment Fund without the need to submit a claim form or submit a claim for specific losses from the Out-of-Pocket Loss Fund and/or the New Contract Roof Installation Fund. Once those claims are paid out, the balance of the Settlement Fund (after accounting for attorneys' fees, administrative costs, and service awards) is dedicated to pro rata payments to Settlement Class Members, which they will receive without the need to file a claim form. As such, no funds will be returned to Defendant.

18.   <u>Relief for the Class</u>: The Settlement obtains meaningful relief for the Class in light of the significant hurdles Class Members would have faced to secure relief on the merits. Specifically, despite that Tesla had already agreed to honor the original contract price for two years since the price increase and that Settlement Class Members contractually waived their rights to out-of-pocket losses, Tesla agreed to establish a non-reversionary Settlement Fund in the amount of $6,080,000. The Settlement Fund is allocated as follows: $1,406,400 is set aside for payments to Settlement Class Members who suffered for Out-of-Pocket Losses in preparation for a Solar Roof installation that was ultimately delayed or canceled (the Out-of-Pocket Loss Fund); $2,220,000 is for Settlement Class Members who did not previously decide to proceed with a Solar Roof installation at their originally agreed-to price despite having the opportunity to do so, but who now elect to proceed with an installation even though prices have subsequently increased in the intervening two years (the New Contract Roof Installation Fund); and every Settlement Class Member who is not seeking to recover from the Out-of-Pocket Loss Fund and/or the New Contract Roof Installation Fund will be entitled to an equal share of the balance of the fund (once attorneys' fees, costs, and a service awards are subtracted) (the Automatic Payment Fund). In light of the posture of the case, and the costs, risks, and benefits of proceeding through trial (and possibly appeals), the Court agrees that the relief secured is fair, reasonable, and adequate. Moreover, there were no negative reactions from State Attorneys General or other government officials to the proposed Settlement or from Class Members. Finally, there were only three

1  objections (two of which have now been requested to be withdrawn) and twenty-nine (29) timely

2  exclusions and one (1) untimely exclusion, which is not indicative of widespread dissatisfaction.

3       19.   <u>Equitable Treatment</u>: The Court also finds that the proposed Settlement treats

4  Class Members equitably. Each Class Member's recovery is determined pro rata in proportion to

5  their individual losses at issue. And although Plaintiffs each seek a service award, it does not

6  indicate inequitable treatment because it collectively constitutes just 0.32% (or .16% if calculated

7  individually) of the proposed Settlement Fund, is in line with comparable service awards in this

8  District, and, as explained more fully below, reasonably compensates Plaintiffs for the

9  responsibilities and risks they undertook to bring this case to benefit the rest of the Settlement

10  Class.

11       20.   The Settlement Agreement is hereby finally approved in all respects. The Parties

12  and their counsel are directed to implement and consummate the Settlement Agreement according

13  to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and

14  conditions of the Settlement Agreement.

15       21.   Other than as provided in the Settlement Agreement and this Order, the Parties

16  shall bear their own costs and attorneys' fees.

17       22.   Upon the Effective Date of the Settlement Agreement, Plaintiffs, the Settlement

18  Class Members, and their respective present or past heirs, executors, estates, administrators,

19  assigns, and agents, shall have fully, finally, and forever resolved, settled, and discharged

20  Defendant and any of its subsidiaries, affiliated companies, and corporations, and any of its past

21  or present officers, directors, managers, employees, general partners, limited partners, principals,

22  insurers, reinsurers, shareholders, attorneys, advisors, representatives, agents, consultants,

23  contractors, service providers, successors, or assigns, from any and all past and/or present claims

24  or causes of action, whether known or unknown (including "Unknown Claims" as defined below),

25  whether in law or in equity, under contract, tort or any other subject area, or under any statute,

26  rule, regulation, order, or law, whether federal, state, or local, on any grounds whatsoever, that

27  were alleged or could have been alleged in the Action relating to the price increases imposed by

28  Tesla in or around April 2021 upon customers with contracts for Solar Roof installations and the

1  subsequent termination by Tesla of any uncanceled contracts for the Tesla Solar Roof. The Court

2  further finds that such release of claims is based only on the identical factual predicate alleged in

3  the Amended Consolidated Class Action Complaint (Dkt. 54) and does not include any claims or

4  causes of action resulting from or related to Solar Roof contracts entered into with Tesla

5  subsequent to the execution of this Agreement.

6       23.    The individuals identified in the O'Kane Declaration, Dkt. 119-5, Exhibit E,

7  submitted a valid request for exclusion from the Settlement Class and are hereby excluded.

8       24.    The Court acknowledges and has reviewed the objections of Michelle Prevost,

9  Bruce Humphrey, and Tushar Irani. The Court finds that Bruce Humphrey and Tushar Irani have

10  subsequently withdrawn their objections, which the Court approves. Mr. Humphrey has also

11  subsequently withdrawn from the Settlement Class, so lacks standing to object. Additionally, the

12  Court finds the issue of which Mr. Irani complained resulted from an inadvertent mistake that

13  Tesla has now corrected. The Court overrules the objections of Michelle Prevost as her concerns

14  relate to individual issues that are unique to her Tesla contract and do not apply to the Settlement

15  Class as a whole.

16  **Motion for Attorneys' Fees, Costs, and Service Awards**

17       25.    Plaintiffs have also petitioned the Court for an award of attorneys' fees equivalent

18  to 24.7% of the Settlement Fund, or $1,500,000.

19       26.    The Court must decide whether Class Counsel's request is reasonable. *See* Fed. R.

20  Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and

21  nontaxable costs that are authorized by law or by the parties' agreement."); *Lowery v. Rhapsody*

22  *Int'l, Inc.*, 75 F.4th 985, 994 (9th Cir. 2023) ("The key factor in assessing the reasonableness of

23  attorneys' fees is the benefit to the class members."). The Court concludes that it is.

24       27.    As a preliminary matter, the Court exercises its discretion to apply the common

25  fund method to the fee request rather than the lodestar method. *See In re Lidoderm Antitrust*

26  *Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *1 (N.D. Cal. Sept. 20, 2018). The

27  percentage-of-the-fund method is the prevailing practice in the Ninth Circuit. *See In re Korean*

28  *Air Lines Co, Ltd. Antitrust Litig.*, No. CV 07-05107 SJO AGRx, 2013 WL 7985367, at *1 (C.D.

1    Cal. Dec. 23, 2013). The Ninth Circuit has established a benchmark award of 25%. *See Vizcaino*,

2    290 F.3d 1043.

3         28.    Considering the relevant factors, the Court concludes that the requested award of

4    24.7% of the Settlement Fund, or $1,500,000, is reasonable. As discussed above, the Settlement

5    secures excellent relief for the Class, despite the litigation risks faced by Class Counsel and the

6    Settlement Class. Class Counsel also took this case on contingency. The Court concludes that a

7    24.7% award is reasonable in light of these considerations.

8         29.    Finally, although a lodestar cross-check is discretionary, the Court applies one to

9    confirm the reasonableness of a 25% award. Class Counsel estimate their lodestar at the time they

10   submitted their final approval brief to be approximately $1,273,386.50, reflecting 1,888.4 hours

11   of work. The Court finds that the hours reported and rates are reasonable, and that the resulting

12   multiplier of approximately 1.18 is also reasonable.

13        30.    Ten percent of Class Counsel's awarded attorneys' fees shall remain in the

14   Settlement Fund until after Class Counsel files the necessary Post-Distribution Accounting, as

15   described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees

16   remaining in the Settlement Fund.

17        Reasonableness of Reimbursement of Costs

18        31.    Class Counsel also request reimbursement of $9,692.60 in costs related to the

19   prosecution of this litigation. The lion's share of these costs were the mediation fees necessary to

20   secure the assistance of JAMS. The remaining costs are standard litigation costs such as electric

21   filings, transcript costs, and electronic discovery storage fees, which are routinely approved. *See*,

22   *e.g.*, *Sullivan v. Dolgen California, LLC*, No. 3:15-CV-01617-JD, 2017 WL 3232540, at *2 (N.D.

23   Cal. July 31, 2017); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015

24   WL5158730, at *16 (N.D. Cal. Sept. 2, 2015). The Court finds that the request for reimbursement

25   is reasonable and grants it.

26        Reasonableness of Service Award

27        32.    Plaintiffs also petition the Court for $10,000 service awards each. These awards

28   are designed to compensate Plaintiffs for taking on the duties, responsibilities, risks, and burdens

1  of being class representatives. The Court scrutinized these awards and finds them to be justified

2  given that Plaintiffs were actively involved in the litigation, helped counsel investigate the case,

3  responded to Tesla's interrogatories and requests for production of documents, fielded inquiries

4  from the press and Class Members, and were both prepared to make themselves available for a

5  deposition and to testify at trial. Ultimately, the Court finds the $10,000 award to each of the

6  Plaintiffs is fair and reasonable, as it adequately compensates Plaintiffs for securing these benefits

7  for the Class and collectively represents only 0.32% of the Settlement Fund.

8  **Post-Distribution Accounting**

9       33.     The Parties shall file a first Post-Distribution Accounting in accordance with the

10  Court's Standing Order and the Northern District of California's Procedural Guidance for Class

11  Action Settlements within twenty-one (21) days after the substantial completion of distribution of

12  the Out-of-Pocket Loss Fund and Automatic Payment Fund (the "First Post-Distribution

13  Accounting"), and payment of Attorneys' Fees or Expenses and/or Service Awards to Class

14  Settlement Representatives, if any. The First Post-Distribution Accounting shall include

15  information on when distributions were made to Class Members from the Out-of-Pocket Loss

16  Fund and Automatic Payment Fund, the number of Class Members who were sent payments, the

17  method(s) of payment to Class Members, the total funds distributed, the average and median

18  distribution to Class Members, the largest and smallest distributions to Class Members, the

19  number and value of cashed and uncashed checks, the number and value of attempted

20  distributions to Class Members, general information about efforts made to contact Class Members

21  regarding attempted distributions, any significant or recurring concerns communicated by Class

22  Members since final approval, the administrative costs, and any other material facts about

23  settlement administration. The First Post-Distribution Accounting should also include information

24  about any non-monetary relief received by Class Members, including the total number of deposits

25  refunded and the number of Solar Roofs installed, along with the aggregate value of such relief,

26  and the status of the expected distributions from the New Contract Roof Installation Fund.

27       34.     The Parties shall file a second Post-Distribution Accounting in accordance with

28  this Court's Standing Order and the Northern District of California's Procedural Guidance for

Class Action Settlements within twenty-one (21) days after the substantial completion of distribution of New Contract Roof Installation Cost Payment Fund (the "Second Post-Distribution Accounting").The Second Post-Distribution Accounting shall include information on when distributions were made to Class Members from the New Contract Roof Installation Fund, the number of Class Members who were sent payments, the method(s) of payment to class members, the total funds distributed, the average and median distribution to Class Members, the largest and smallest distributions to Class Members, the number and value of cashed and uncashed checks, the number and value of attempted distributions to Class Members, general information about efforts made to contact Class Members regarding attempted distributions, any significant or recurring concerns communicated by Class Members since the filing addressing the First Post-Distribution Accounting, any further administrative costs, and any other material facts about settlement administration. The Second Post-Distribution Accounting should also include information about potential cy pres awards, if necessary.

35.    The Parties may request a continuance of deadlines for the First and Second Post-Distribution Accounting if the information required as part of the accounting is not yet available.

36.    With the Second Post-Distribution Accounting, Class Counsel shall submit a proposed order releasing the remainder of the attorneys' fees.

37.    The Court reiterates and approves the following dates related to the administration of the Settlement, including the dates for when the checks distributing the various settlement fund payments will be mailed to Class Members:

**Chart of Significant Settlement Administration Dates**

| | |
|---|---|
| **Commencement of Individual Notice** | November 17, 2023 |
| **Deadline for Objections and Exclusions** | January 2, 2024 |
| **Claims Deadline** | January 2, 2024 |
| **Estimated Date of Distribution of Out-of-Pocket Loss Fund and Automatic Payment Fund** | Within twenty-eight (28) days of the Effective Date |
| **Estimated Date of New Contract Roof Installation Payments to Individual Class Members** | Within twenty-eight (28) days that proof of payment and installation of the Solar Roof is submitted to the Settlement Administrator, but |

| | no earlier than twenty (28) days of the Effective Date |
|---|---|
| **Estimate Date of Pro Rata Distribution of Any Remaining Settlement Funds** | Within twenty-eight (28) days of payment of all remaining valid Increased Installation Cost Payments |

**Conclusion**

38.     For the reasons stated herein, the Court hereby **GRANTS** Plaintiffs' Motion for Final Approval and Motion for Attorneys' Fees, Costs, and Service Awards.

39.     Counsel for the Parties and the Settlement Administrator are hereby authorized to utilize all reasonable procedures in connection with the implementation of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement, including disbursement of relief to the Class, the Settlement Administrator's currently estimated fee of $73,965.00, the Plaintiffs' service awards, and Class Counsel's attorneys' fees and costs.

40.     Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated this   8   day of _____March_____, 2024

_____
Hon. Vince Chhabria
United States District Judge